# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PEARL A. LAPERLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARTNERS MORTGAGE CORPORATION, INC.; AMERICAN HOME MORTGAGE SERVICING, INC.; OPTION ONE MORTGAGE CO.; and FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>　　　　Defendants. | 3:11-cv-167-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is *pro se* Plaintiff Pearl A. LaPerla's Motion for Request for Re-Hearing Due to Lack of Notice (#38).

On April 12, 2011, this Court issued a minute order and noticed all relevant parties, including Plaintiff, that the Court would hear oral argument on April 18, 2011, on the Motion to Intervene (#8), Motion for Hearing to Expunge Lis Pendens (#9), Ex Parte Motion for a Temporary Restraining Order on Shortening Time (#23), and Ex Parte Motion for an Order Shortening Time (#24). (*See* Minute Order (#28)). On April 18, 2011, the Court heard oral arguments on the above-referenced motions. (*See* Minutes of Proceedings (#33)). Plaintiff did not make an appearance. (*See id.*). The Court granted Defendant Fidelity National Title Insurance Company's Motion for a Temporary Restraining Order against Plaintiff and third-party defendants that restrained them from: (1) recording any other liens, judgments, or documents against, on behalf of or in the name of Fidelity, its agents, and/or representatives, and (2) collecting on any of the fraudulently recorded documents, liens, judgments, or other

1  documents.  (*See* Order (#43) at 11).

2  On April 21, 2011, Plaintiff filed the instant motion seeking a rehearing because she
3  received mailed notice of the hearing on April 19, 2011, the day after the scheduled hearing.
4  (Mot. for Rehearing (#38) at 1).  She requests a rehearing so that she "may voice her due
5  process rights to be present to retain counsel to represent her."  (*Id.*).

6  Both Fidelity and Intervenor Edith Hofmeister filed oppositions to the motion for
7  rehearing.  (Fidelity Resp. to Mot. (#40)); Hofmeister Resp. to Mot. (#42)).  Hofmeister argues
8  that LaPerla's "address for service is 316 California Avenue" which is "not a physical address
9  for LaPerla but a mail box rental location."  (Hofmeister Resp. to Mot. (#42) at 1).  Hofmeister
10 argues that "[i]t appears that LaPerla does not pick up her mail on a regular basis."  (*Id.*).
11 Hofmeister asserts that, pursuant to Fed. R. Civ. P. 5(b)(2)(C), service was complete upon
12 mailing, which was April 12, 2011.  (*Id.*).

13 In this case, the Court denies LaPerla's Motion for Rehearing Due to Lack of Notice
14 (#38).  The Court finds that the clerk properly mailed LaPerla notice of the hearing on April 12,
15 2011, to the address LaPerla provided to the Court.  LaPerla's mailing address is a rental mail
16 box located at The Postal Depot on 316 California Avenue, Reno, Nevada, 89509.  The Court
17 finds that the notice of hearing was mailed 5 postal days before the hearing and that had
18 LaPerla checked her mail on Saturday, April 16, 2011, she would have received actual notice
19 of the scheduled hearing.  Moreover, the Court notes that, pursuant to Fed. R. Civ. P.
20 5(b)(2)(C), service of the notice of hearing was complete on the day of mailing.  *See also*
21 *United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that due process
22 requires that the government send notice by actual mail or other means to ensure actual
23 notice; however, due process does not require that the interested party actually receive
24 notice).  Accordingly, the Court denies LaPerla's Motion for Rehearing (#38).

25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Request for Re-Hearing Due to Lack of Notice (#38) is DENIED.

DATED: This 5th day of July, 2011.

_____
United States District Judge