

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEARL A. LAPERLA,<br><br>    Plaintiff,<br><br>v.<br><br>PARTNER'S MORTGAGE CORPORATION;<br>AMERICAN HOME MORTGAGE SERVICING;<br>OPTION ONE; FIDELITY NATION TITLE<br>INSURANCE COMPANY; and DOES 1-100,<br><br>    Defendants. | 3:11-cv-00167-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is Defendant Fidelity Nation Title Insurance Company's Motion to for Judgment on the Pleadings (#48).

### BACKGROUND

On January 5, 2006, Plaintiff Pearl A. Laperla ("Plaintiff") executed a Note secured by a deed of trust (the "Deed of Trust") for property located at 1006 Manor Drive, Reno, Nevada 89509 (the "Property"). (Mot. for J.(#48) at 3). The beneficiary of the Deed of Trust was Partners Mortgage Corporation ("Partners"). (Mot. to Intervene (#8) at Ex. 2).

Partners assigned the Deed of Trust to Option One Mortgage Corporation ("Option One") on November 15, 2007. (Supplement to Mot. (#39) at Ex. 3). American Home Mortgage Servicing, Inc. ("AHMSI") is the successor-in-interest to Option One. (Mot. for J. (#48) at 3). AHMSI was designated to act as the attorney-in-fact for HSBC Bank USA ("HSBC") in July 2008. (Supplement to Mot. (#39) at Ex. 5). Subsequently, AHMSI assigned the Deed of Trust to HSBC on August 21, 2008. (*Id.* at Ex. 4). Sometime after this, Plaintiff defaulted on her loan. (Mot. for J. (#48) at 3).

1     AHMSI, acting as attorney-in-fact for HSBC, ordered the Default Resolution Network, a division of Fidelity, to initiate foreclosure proceedings on the Property on September 25, 2010. (Supplement to Mot. (#39) at Ex. 8-9). Fidelity, acting as HSBC's agent, filed a "Notice of Default" with the Washoe County Recorder on October 1, 2010. (Mot. to Intervene (#8) at Ex. 3). HSBC and AHMSI then substituted Power Default Services, Inc., a division of Fidelity, as the trustee on December 29, 2010. (Supplement to Mot. (#39) at Ex. 10). Fidelity filed its "Notice of Trustee's Sale" on January 14, 2011. (Mot. to Intervene (#39) at Ex. 4). On February 10, 2011, Edith Hofmeister purchased the Property during the Trustee's sale. (Mot. for J. (#48) at 3).

    On February 9, 2011, Plaintiff filed a complaint against Partner's, AHMSI, Option One, and Fidelity, alleging: (1) violation of NRS § 107.080 and/or wrongful foreclosure; (2) slander of title; and (3) fraud in the inducement. (Compl. (#1-4)). Plaintiff requested the equitable remedies of reformation and quiet title. (*Id.* at 11). Fidelity filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on September 28, 2011. (Mot. for J. (#48)).

## LEGAL STANDARD

    A party may move for judgment on the pleadings "after the pleadings are closed but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

    When considering a Rule 12(b)(6) motion for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150, n. 2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the moving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, the court should only look to the contents of the complaint during its review of a 12(b)(6) motion to dismiss.

However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.; see also Durning v. First Bos. Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is whether a claimant is entitled to offer evidence to support the claims, not whether the claimant will ultimately prevail. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; "rather, it must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

## DISCUSSION

### I. Violation of NRS § 107.080 and/or Wrongful Foreclosure

Fidelity argues that it is entitled to judgment as a matter of law on Plaintiff's claim for violation of NRS § 107.080 because Fidelity complied with the statutory requirements of NRS § 107.080. (Mot. for J. (#48) at 5). A lender may not foreclose on a property until the homeowner defaults, the trustee files a "Notice of Default and Election to Sell" with the county

1  recorder, and the lender/trustee waits at least three months after recording the "Notice of
2  Default" before exercising its power of sale. NRS § 107.080(2). Fidelity complied with NRS
3  § 107.080 because it had authority at all relevant time to foreclose on the property, as is seen
4  in the documents produced by Fidelity proving that AHMSI, acting as attorney-in-fact for
5  HSBC, requested that Fidelity initiate foreclosure proceedings, see (Supplement to Mot. (#39)
6  at Exs. 5, 8-9), and that Fidelity was later substituted as trustee prior to filing the "Notice of
7  Trustee's Sale." See (Id. at Ex. 10); (Mot. to Intervene (#8) at Exs. 2-4). Furthermore, Plaintiff
8  admits that she defaulted on her loan when she states, "Plaintiff does not state that they owe
9  no money for the loan, only that no money is owed to these Defendants who have claimed that
10 their loan is in default." (Compl. (#1-4) at ¶ 21). Therefore, the motion for judgment on the
11 pleadings on Plaintiff's violation of NRS § 107.080 claim is granted.

12      Fidelity further argues that it is also entitled to judgment as a matter of law on Plaintiff's
13 wrongful foreclosure claim. (Mot. for J. (#48) at 5). The elements of a claim for wrongful
14 foreclosure are: (1) that a foreclosure sale occurred; and (2) the plaintiff was not in default.
15 Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). Plaintiff cannot
16 prevail on her wrongful foreclosure claim because she admits that she was in default on her
17 loan. (Compl. (#1-4) at ¶ 21).

18      Furthermore, even if Plaintiff had not admitted default, she cannot challenge the
19 foreclosure sale because she has not tendered payment of the amount due and owing.
20 Although Plaintiff has not brought a quiet title claim, she seeks the equitable remedies of
21 reformation and quiet title. (Id. at 11). In Nevada, those who seek equity must do equity.
22 Transaero Land & Dev. Co. v. Land Title of Nev., Inc., 842 P.2d 716, 718 (Nev. 1992). This
23 Court has repeatedly held that plaintiffs seeking the equitable remedy of quieting title in
24 foreclosed upon property "must tender the undisputed amount due and owing . . . ." Wester
25 v. Home Sav. Mortg., No. 3:11-cv-486-RCJ-VPC, 2012 WL 607562, at *4 (D. Nev. Feb. 23,
26 2012). Plaintiff has not alleged that she has or is able to tender the amount due and owing
27 on her loan. See (Compl. (#1-4)). As such, she cannot seek to quiet title. Accordingly, the
28 motion for judgment on the pleadings on Plaintiff's wrongful foreclosure claim is granted.

## II. Slander of Title

Fidelity argues that it is entitled to judgment as a matter of law on Plaintiff's claim for slander of title because Fidelity never made a false statement and Plaintiff has not pled malice. (Mot. for J. (#48) at 6-7). The elements of a claim for slander of title are: (1) that the words spoken were false; (2) malice; and (3) special damages. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

Fidelity has not made a false statement. Fidelity's filing of the "Notice of Default" was not a false statement because Plaintiff admits that she was in default. (Compl. (#1-4) at ¶ 21). Furthermore, the "Notice of Sale" was not a false statement because the sale did take place. *See* (Mot. to Intervene (#8) at Ex. 4); (Mot. for J. (#48) at 3). Finally, Fidelity was not falsely representing that it had authority to foreclose on the Property, because Fidelity had authority at all relevant times. *See* (Mot. to Intervene (#8) at Exs. 2-4); (Supplement to Mot. (#39) at Exs. 3-5, 8-10).

Neither can Plaintiff prove malice. To prove malice, she must show that Fidelity either knew that the statements were false, or acted with reckless disregard as to their truth. *Rowland*, 662 P.2d at 1335. However, "where a defendant has reasonable grounds for belief in his claim, he has not acted with malice." *Id*. Plaintiff cannot prove that Fidelity knew its statements were false because Fidelity has not made a false statement. Furthermore, because Fidelity was instructed by AHMSI to initiate foreclosure proceedings on the Property, *see* (Supplement to Mot. (#39) at Ex. 8), Fidelity likely had a reasonable belief in the truth of its statements when filing the "Notice of Default" and "Notice of Trustee's Sale." Accordingly, the motion for judgment on the pleadings on Plaintiff's slander of title claim is granted.

## III. Fraud in the Inducement

Fidelity argues that it is entitled to judgment as a matter of law on Plaintiff's claim for fraud in the inducement because Fidelity was not a party to the original mortgage agreement. (Mot. for J. (#48) at 7-9). The elements of a claim for fraud in the inducement are: (1) a false representation; (2) which the defendant knew or believed was false, or acted with reckless disregard as to its truth; (3) that the defendant intended the false representation to induce the

plaintiff to enter into a contract; (4) that the plaintiff justifiably relied on the representation; and (5) suffered damages as a result. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Plaintiff cannot establish that Fidelity made a false representation, induced Plaintiff to enter into a contract, or that Plaintiff justifiably relied on any such statement because Fidelity was not a party to any transactions between Plaintiff and her lenders. *See* (Mot. for J. (#48) at 7). As such, her claim fails to the extent that she alleges that Fidelity "misrepresented the ability of Plaintiff to qualify for her loan," (Compl. (#1-4) at ¶ 32) because she cannot establish that Fidelity intended to induce her to enter into any contract, or that she justifiably relied on any representations from Fidelity when entering into her mortgage agreement.

Fidelity further argues that Plaintiff cannot base her claim for fraud on Fidelity's omission to disclose to her how the sub-prime mortgage and securitization process operates, *see* (*Id.* at ¶¶ 29-30), because there was no special relationship between Fidelity and Plaintiff creating a duty to disclose. (Mot. for J. (#48) at 9-10). "For a mere omission to constitute actionable fraud, a plaintiff must first demonstrate that the defendant had a duty to disclose the fact at issue." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). A duty to disclose will be found where the plaintiff shows the existence of a special relationship in which the defendant knew or should have known the plaintiff would "reasonably impart special confidence" in the defendant because of its superior knowledge. *Id.* In *Dow Chemical Co.*, the Nevada Supreme Court held that a chemical company had no duty to disclose its superior knowledge of the side effects of silicone implants to the plaintiffs because it was not directly involved in the transaction that the lawsuit arose from and, therefore, any "special confidence" the plaintiffs placed on the chemical company was unreasonable. 21 P.3d at 111.

Like the chemical company in *Dow Chemical Co.*, Fidelity has no duty to disclose its superior knowledge of the mortgage process to Plaintiff because Fidelity was not involved in any of the transactions between Plaintiff and her lenders, *see* (Mot. for J. (#48) at 7), and therefore, any "special confidence" Plaintiff placed on Fidelity is unreasonable. Accordingly,

6

the motion for judgment on the pleadings on Plaintiff's fraud in the inducement claim is granted.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings (#48) is GRANTED.

DATED: This 11th day of May, 2012.

_____
United States District Judge