UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEARL A. LAPERLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> PARTNERS MORTGAGE CORP et al., ) <br> ) <br> Defendants. ) | 3:11-cv-00167-RCJ-VPC <br><br> ORDER |

 This case arises out of the foreclosure of Plaintiff's mortgage. Pending before the Court is a Motion for Summary Judgment (ECF No. 62). The Court grants the motion.

 Plaintiff Pearl A. Laperla gave Partners Mortgage Corporation ("PMC") a $750,000 promissory note secured by a deed of trust ("DOT") against real property located at 1006 Manor Drive, Reno, NV 89509 (the "Property"). (*See* DOT, Jan. 17, 2006, ECF No. 8-1). The trustee was Premier Trust Deed Services, Inc. (*See id.*). PMC assigned the DOT to Option One Mortgage Corp. ("Option One"). (*See* PMC Assignment, Nov. 15, 2006, ECF No. 39-2). American Home Mortgage Servicing, Inc. ("AHMSI"), the successor-in-interest to Option One, assigned the DOT to HSBC Bank USA, N.A. (Option One Assignment, Aug. 21, 2008, ECF No. 39-3). HSBC appointed AHMSI as its attorney-in-fact. (*See* Limited Power of Att'y, July 28, 2008, ECF No. 39-4, at 5). AHMSI commanded Default Resolution Network, a division of Fidelity, to foreclose the DOT against the Property. (*See* Foreclosure Referral, Sept. 25, 2010, ECF No. 39-7 at 2; Default Resolution Network, ECF No. 39-8, at 2).

 Plaintiff defaulted. (*See* Notice of Default ("NOD"), Oct. 1, 2010, ECF No. 8-2). The notice of default named Fidelity as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary" under the deed of trust. (*Id.*). HSBC and AHMSI then

substituted Fidelity as the trustee. (*See* Substitution, Dec. 29, 2010, ECF No. 39-9).  Fidelity noticed a  trustee's sale for February 10, 2011, (*see* Notice of Trustee's Sale ("NOS"), Jan. 14, 2011, ECF No. 8-3), at which sale Fidelity sold the Property to Edith Hofmeister for $391,500, (*see* Trustee's Deed, Feb. 22, 2011, ECF No. 8-4).

    Laperla had filed a Complaint in state court, (*see* Compl., Feb. 9, 2011, ECF No. 1-3, at 2), and had recorded a Notice of Lis Pendens, (*see* Notice of Lis Pendens, Feb. 10, 2011, ECF No. 9-6).  The Complaint listed three causes of action: (1) violations of Nevada Revised Statutes ("NRS") section 107.080; (2) slander of title; (3) fraud; (4) and quiet title.  Defendants removed.

    Fidelity filed a Counterclaim against Laperla and a Third-Party Complaint against Joshua Carl, the Phurba Merchant Group, the New Earth Stewardship Coalition, the Pearl Laperla Living Family Trust, and the Guardian Alliance Incorporated (collectively, "Third-party Defendants" or "TPD").  Joshua Carl was the "overseer of the Phurba Merchant Group, as Fiduciary of the New Earth Stewardship Coalition, agent for Pearl Laperla & Executive Trustee for Pearl Laperla Living Family Trust."  Fidelity alleged that Laperla and TPD had devised and participated in a lien-and-judgment scheme to defraud Fidelity, its employees, agents, and representatives over the use of their monies.  Although Laperla had never obtained an order or a judgment against Fidelity, TPD, as agents for Laperla, had recorded a "Notice of Final Determination and Judgment in NIHIL DICIT" and a Uniform Commercial Code ("UCC") Lien in the amount of $2,250,000 against Fidelity.  On October 12, 2010, and October 16, 2010, Laperla had mailed documents entitled "Notice of Intent to Lien" to Fidelity which contained false claims for monetary damages arising out of the foreclosure or attempted foreclosure.  The Notice of Intent to Lien threatened Fidelity and its employees that Laperla and third-party defendants were going to record a lien against them in the amount of $2,500,000 if they commenced any further proceedings.  Between October 12, 2010 and November 22, 2010, Laperla and TPD mailed various documents to Fidelity that falsely claimed that Fidelity owed them $2,250,000.  On December 9, 2010, Laperla and TPD sent a Notice of Final Determination of Judgment in NIHIL DICIT to Fidelity.  That document stated that Fidelity was in default and now owed $2,250,000 to Laperla and third-party defendants.  On February 10, 2011, the New Earth Stewardship Coalition filed an UCC Filing against Fidelity in Delaware, listed itself as a

secured party, and falsely claimed that based upon the previous judgments and liens Laperla and TPD were the secured creditor of Fidelity and had a $2,250,000 security interest in the personal and real property belonging to Fidelity and its employees. On March 4, 2011, Laperla had a document entitled "Rescission of Trustee's Deed" recorded with the Washoe County Recorder's office. That document fraudulently stated that Fidelity had requested the recording. Neither Fidelity nor any of its agents had executed that document.

Fidelity brought counterclaims for: (1) conspiracy to commit fraud; (2) declaratory relief that Laperla and TPD had filed false liens and judgments and had recorded a false Rescission of Trustee's Deed; and (3) injunctive relief.

The Court granted Hofmeister's motions to intervene and to expunge the lis pendens, denied Plaintiff's motion to remand or abstain, and granted Fidelity's motion for temporary restraining order ("TRO"), preventing Laperla and TPD from recording any other documents behalf or in the name of Fidelity or collecting on any of the already fraudulently recorded documents, and requiring Laperla and TPD to cease and remove or expunge any documents recorded against, on behalf, or in the name of Fidelity. The Court denied Plaintiff's motion to amend the Complaint, because the additional allegations would not support the respective claims against a Rule 12(b)(6) challenge. The Court granted Fidelity's motion for judgment on the pleadings, to which Plaintiff had not responded. The Court dismissed as against two additional Defendants under Rule 4(m).

Fidelity has moved for offensive summary judgment against Plaintiff and TPD on its counterclaims and third-party claims for fraud and conspiracy to commit fraud. Plaintiff and TPD have not responded in the five months the motion has been pending. The Court grants the motion.

///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 62) is GRANTED.

IT IS FURTHER ORDERED that Fidelity shall submit a proposed form of judgment.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge